Dear Mayor Dugas:
You have requested an opinion of the Attorney General regarding the authority of the Village of Parks (Village) to refund moneys paid to the Social Security Administration (SSA) on behalf of an elected Chief of Police (Chief).
You state that when the Chief was elected in January of 1991, he did not want to participate in the Municipal Police Employees' Retirement System (System), opting instead to have salary withholdings paid to the SSA. Several months later the Village was informed that the Chief's membership in the System was mandatory. Henceforth, deductions were made from the Chief's paycheck and remitted to the System.
The Chief was not reelected for the current term of office. Recently, he has made demand upon the Village to reimburse him the total amount of withholdings paid to the SSA from his 1991 earnings. You specifically ask whether the Village can refund these wages to the Chief.
We have consulted with representatives of the Department of the Treasury, Division of Social Security, and have been advised that the statute of limitations for SSA wage refunds expires three years from the due date of the tax return. Thus, the statute of limitations for the refund of payments made in 1991 expired on April 15, 1995. Had the Chief made his request prior to that date, his withholdings would have been refunded.
We have been advised that SSA cannot delete these wages from the Chief's records. Instead, they will be used to compute the Social Security retirement benefit, should the Chief accrue at least 40 credits under his Social Security number.
Accordingly, for the above reasons, it is the opinion of this office that, neither the Village nor the SSA, can reimburse the Chief for amounts withheld from his earnings in 1991 and paid to the SSA.
Trusting this adequately responds to your inquiry, I am
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: ROBERT E. HARROUN, III
Assistant Attorney General
RPI/Rob3/sfj